I agree with the majority that personal jurisdiction over a nonresident defendant must be determined on a case-by-case basis; however, I dissent from the reversal of the judgment of the trial court. Berlin had sufficient contacts with this state to make it fair and reasonable to require her to come to Alabama to defend the action. Rule 4.2(a)(2)(I), Ala.R.Civ.P.;Shrout v. Thorsen, 470 So.2d 1222 (Ala. 1985).
Newman had a business located in Mobile; Berlin had been to the business. Testimony of, and documents offered by, a special agent with the criminal investigation division of the Internal Revenue Service linked Berlin to transactions involving Newman. The agent testified that Newman and Berlin had frequently been in Mobile together. Newman had used the aliases "A. Berlin" and "Andy Arthur Berlin" in acquiring and transferring assets. Although properties were in the name of Berlin, the common-law wife, there was evidence from which the trial court, in my opinion, could correctly determine that Newman and Berlin had marital assets and had gone to great lengths to hide those assets. Newman testified, "I was trying to put the money somewhere my ex-wife couldn't get to it." Further, Berlin voluntarily appeared in Alabama to testify on behalf of her common-law husband in September, before she was named as a party.
Both Shrout v. Thorsen, supra, and Lowry v. Owens,621 So.2d 1262 (Ala. 1993), support the trial court's finding of personal jurisdiction over Berlin. Further, there was evidence that both Newman and Berlin had committed fraud. Our Supreme Court refused to allow a nonresident defendant accused of fraud to "manipulate [its] decisions on in personam due process to effect a shield against . . . [alleged] improper conduct."Shrout at 1225. Here, as in Lowry, " 'Alabama has an interest in providing an effective means of recovery for a resident who has been damaged . . . [where the plaintiff claims that the nonresident defendant had an integral *Page 894 
part in an alleged fraud].' " Lowry at 1266 (citation omitted).